**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA STEWART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:13-cv-00187-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

### I.  INTRODUCTION

Plaintiff Jessica Stewart ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record and based upon proper legal standards. Accordingly, the Court affirms the Commissioner's determination.

## II.   BACKGROUND

**A.   Overview of Administrative Proceedings**

On August 14, 2009, Plaintiff filed an application for Supplemental Security Income benefits, alleging disability beginning September 4, 1993. AR 117-119.[1] Plaintiff's application was denied initially and on reconsideration. AR 64-68, 72-76. Subsequently, Plaintiff requested a hearing before an ALJ. AR 79-81. In a decision dated August 1, 2011, the ALJ found that Plaintiff was not disabled because, despite some impairment, Plaintiff retained the residual functional capacity (RFC) to perform sedentary work. AR 20. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on December 7, 2012. AR 79-81. Plaintiff then commenced this action pursuant to 42 U.S.C. § 1383(c).

**B.   Plaintiff's Background and Hearing Testimony**

The ALJ held a hearing on July 27, 2011 in Bakersfield, California. AR 28-58. Plaintiff, who was represented by counsel, appeared and testified. *Id.* Impartial Vocational Expert Dr. Gerald Belchick (the "VE") testified at the hearing. AR 53-58. Dr. John Pollard, medical expert, also testified at the hearing. AR 47-52.

Plaintiff was 22 years old at the time of the hearing and lives in Bakersfield, California. AR 33, 8. Plaintiff testified that she dropped out of high school in the eleventh grade, but she hopes to resume classes online. AR 33. Plaintiff has never worked and has no past work experience. AR 53. With respect to activities of daily living, Plaintiff does some of her own cooking, grooming, cleaning, and laundry. AR 42. However, Plaintiff usually needs to take breaks because she gets dizzy or weak, her legs will start swelling, and she experiences migraines. *Id.* Plaintiff's mother assists Plaintiff when cooking, and occasionally takes her out for short periods of time. *Id.*

In regards to her alleged disability, Plaintiff suffers from extreme fatigue and intermittent anxiety attacks. AR 556. Plaintiff's alleged disabilities began in 1993 when she was four years old. AR 32. Her benefits ceased in 2007 after her reconsideration did not meet or equal any of the listings

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

at that point. *Id.* Plaintiff continues to suffer from nephrotic syndrome, as well as focal segmental glomerular sclerosis ("FSG").  AR 33.  Plaintiff testified she suffers from constant leg swelling, migraine headaches, dizziness, fatigue, back problems, heart murmur, high blood pressure, cholesterol, and cataracts.  AR 34-38.  Plaintiff noted her medication makes her really tired and fatigued.  AR 37-38. Plaintiff stated that sometimes she stays in bed all day due to fatigue.  AR 41.

Medical expert, Dr. Pollard, also testified at the hearing.  AR 47.  Dr. Pollard testified that Plaintiff had a history of FSG since age four.  AR 47.  Dr. Pollard also noted that Plaintiff fatigues easily.  AR 48. Despite her impairments, Dr. Pollard opined that Plaintiff had the ability to occasionally lift twenty pounds, frequently lift ten pounds, stand no more than two hours a day, and Plaintiff should limit any pushing and pulling to two hours of an eight hour day.  *Id.* Dr. Pollard noted that Plaintiff would need to take unscheduled breaks to elevate her feet.  AR 49.

Thereafter, the ALJ elicited the testimony of the VE, Dr. Belchick.  AR 53-58.  Dr. Belchick was asked to consider the jobs of a hypothetical worker that included all of the functional limitations outlined in the ALJ's residual functional capacity findings.  AR 54.  Dr. Belchick stated that Plaintiff would be able to perform two representative jobs of assembler and packager.  AR 54, 55. While these jobs are listed in the Dictionary of Occupational Titles (DOT) as light work, Dr. Belchick stated that they are also generally performed at the sedentary level in reduced numbers. *Id.*

**C.    Medical Record**

The entire medical record was reviewed by the Court.  AR 220-559.  The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

**D.    The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 14-21.  More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since August 14, 2009.  AR 16.  Further, the ALJ identified focal segmental glomerular sclerosis and nephritic syndrome as severe impairments.  AR 16.  Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments.  AR 17.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 416.967(b), except she was could stand/walk no more than two hours in an eight-hour day; sit no more than six hours in an eight-hour work day; perform no more than occasional stooping, crawling, and bending; and she was further limited to simple repetitive tasks, with no more than limited public contact. AR 17. The ALJ determined that, based on Plaintiff's age, education, work experience, and RFC, significant jobs exist in the national economy that Plaintiff could perform. AR 20. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 21.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such

4

severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

### III. DISCUSSION

Plaintiff challenges the ALJ's disability finding in two respects. First, Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of her treating and examining physicians. Second, Plaintiff argues that the ALJ failed to provide clear and convincing evidence for finding Plaintiff's subjective testimony not credible.

#### A. The ALJ's Evaluation of Medical Opinion Evidence and Testimony

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Id.* (citing *Winans v. Bowen*, F.2d 643, 647 (9th Cir. 1987)). At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate" reasons supported by substantial evidence in the record for doing so. *Id.* (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of*

5

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

Here, the ALJ properly weighed the medical evidence and provided specific and legitimate reasons to discount certain findings by treating physician, Peter McCauley, M.D. and consultative examiner, Florence Pangilinan, M.D. as follows.

### 1. Dr. McCauley's Opinion

For over three years, Dr. McCauley, a nephrologist with the Advanced Kidney Medical Group, served as Plaintiff's treating physician. AR 556. On July 7, 2011, Dr. McCauley completed a physical residual functional capacity questionnaire where he noted that Plaintiff suffered from extreme fatigue and intermittent anxiety attacks. AR 556. According to Dr. McCauley, Plaintiff frequently experiences pain and must avoid high stress situations. AR 558. He opined that Plaintiff had the ability to stand/walk for less than two hours in an eight hour day and sit for about four hours during an eight hour day. AR 557. Additionally, Plaintiff can occasionally lift/carry ten pounds or less. AR 558. Due to her limitations, Dr. McCauley stated that Plaintiff would need a job that would allow shifting positions from sitting, standing, or walking. He also opined that Plaintiff's impairments would cause her to have both good days and bad days and would cause work absences more than four days per month. AR 558-559.

### 2. Dr. Pangilinan's Opinion

On October 13, 2009, Florencio Pangilinan, M.D. examined Plaintiff at the request of the agency. AR 345. Dr. Pangilinan completed a consultative examination with mostly normal findings. In her medical source statement, Dr. Pangilinan opined that due to Plaintiff's fatigue, she can occasionally lift/carry twenty pounds and stand/walk less than two hours in an eight-hour workday. Further, Plaintiff has no postural limitations, no manipulative impairments, and no visual or communicative limitations. AR 348.

### 3. Dr. Pollard's Testimony

On July 27, 2011, John Pollard, M.D. testified at Plaintiff's administrative hearing. AR 28. Dr. Pollard reviewed Plaintiff's medical records and noted that Plaintiff has a history of kidney disease largely controlled by medication. AR 47. Plaintiff also suffers from hypertension and was hospitalized in 2009 for viral meningitis. AR 48. Dr. Pollard opined that while Plaintiff does fatigue easily due to her medications, she does not meet the criteria for an impairment. AR 48. Dr. Pollard also testified that Plaintiff experiences occasional swelling which limits her to standing no more than two hours in an eight hour workday. In order to alleviate her swelling Plaintiff would need to sit and elevate her legs intermittently throughout the day. AR 49. Dr. Pollard noted that there was one instance in May 2010 where Plaintiff complained of panic attacks. AR 50. When asked if Plaintiff should be limited to low stress jobs, Dr. Pollard indicated that stress would not aggravate Plaintiff's kidney problems but he opined that rationally a low stress job would decrease the likelihood that Plaintiff would suffer a panic attack while at work. AR 51. In concluding his testimony, Dr. Pollard testified that Plaintiff's symptoms are largely a side effect of her medication and the severity of those symptoms are directly related to how much medication she is taking at any given time. AR 52.

### 4. The ALJ Correctly Weighed the Medical Evidence

Plaintiff argues that the ALJ erred by adopting the non-examining physicians opinion over the opinions from Plaintiff's treating and examining physicians. (Doc. 14 at 9).

Contrary to Plaintiff's assertions, the ALJ accurately weighed the medical evidence. The ALJ gave significant weight to the opinion of treating physician Dr. McCauley concerning Plaintiff's diagnosis and treatment, but the ALJ discounted Dr. McCauley's opinion overall for several specific and legitimate reasons. First, the ALJ discredited Dr. McCauley's opinion because the objective medical records did not support Dr. McCauley's extreme standing limitation. Dr. McCauley opined that Plaintiff could stand/walk less than two hours in a day. AR 557-558. However, the ALJ noted that over her three year treatment history with Dr. McCauley, Plaintiff had only one episode of edema of her legs in March 2009 and her progress reports generally indicate no evidence of edema. AR 236, 238, 244, 266, 325, 332, 338, 347, 391, 396, 399, 419, 431, 433, 436. The ALJ was entitled to reject Dr. McCauley's opinion based on this conflicting evidence. Where the record contains

7

conflicting medical evidence, a reviewing court should defer to the ALJ's interpretation. *See Bayliss*, 427 F.3d at 1214, n.1 (9th Cir. 2005). While plaintiff alleged significant edema, her contemporaneous progress reports did not support her allegations.

Further, the ALJ discredited Dr. McCauley's extreme fatigue findings. AR 19. The ALJ reasoned that Dr. McCauley's own treatment notes did not support a finding of excessive fatigue. On several occasions, Dr. McCauley noted that Plaintiff was doing well with treatment and there were little notations of the extreme fatigue alleged by Plaintiff. AR 222, 236, 238.

Second, the ALJ noted that Dr. McCauley prescribed psychotropic medications to Plaintiff without any supporting documentation or treatment notes regarding mental health treatment. The ALJ was entitled to discredit Dr. McCauley's medical opinion to the extent it was based on Plaintiff's subjective complaints and not clinical findings. The record contained no mental health treatment notes, even though Dr. McCauley prescribed psychotropic medications. *Id.* The Ninth Circuit has held that, when a claimant's subjective complaints are refuted and found to be incredible, a physician's repetition of the same suffers the same result. *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474, 1477 (9th Cir. 1989); *see also Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 434 (9th Cir. 1988) (Where a claimant's credibility is undermined, it is "reasonable to question the reliability of a physician's opinion based only upon [the claimant's] complaints."). Here, the ALJ rejected part of the opinion of Dr. McCauley because he found that the need for mental health medication was formed without any examination having been undertaken. The ALJ was thus entitled to reject Dr. McCauley's opinion as not entirely credible.

With respect to the examining physician's opinion, the ALJ gave significant weight to the opinion of Dr. Pangilinan, but again gave little weight to Dr. Pangilinan's opinion that Plaintiff could stand/walk less than two hours a day because it was not consistent with the administrative record, which indicated Plaintiff had a greater functional ability. AR 19, 347-348. While Plaintiff argues the principle that an ALJ cannot "pick and choose" among portions of medical opinions, in fact, this is not a correct summation of the law. An examining physician's opinion, for example, is accorded great weight when it is supported by objective evidence in the record and is consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d), (2), (3)(2009);

Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9. Thus, where all or part of an examining physician's opinion is contradicted by other, independently derived evidence, the ALJ may reject all or part of such opinion by setting forth specific and legitimate reasons that are supported by substantial evidence in the record. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Essentially, it is the ALJ's province to review and evaluate the evidence as a whole. Often, there may be more than one rational interpretation of the evidence. Thus, if the ALJ's interpretation is supported by substantial evidence, it will be upheld. *See Magallanes*, 881 F.2d at 751. The ALJ noted that there was little evidence to suggest that Plaintiff could not stand for two hours in a workday. Opinions by other physicians supported that finding, and as a result, the ALJ was entitled to reject the portion of the examining physician's opinion that conflicted with the medical evidence.

Overall, the ALJ afforded the opinion of Dr. Pollard's testimony significant weight because it was consistent with the objective medical evidence and consistent with the record as a whole. AR 19. Dr. Pollard reviewed all of the medical evidence and testified at the July 11 hearing. AR 47-52. Dr. Pollard cited the diagnostic testing and other objective findings in the record in formulating his opinion on Plaintiff's functional limitations. During his testimony, Dr. Pollard completed an RFC assessment of Plaintiff, finding that based on her FSG, Plaintiff was limited to carrying twenty pounds occasionally and ten pounds frequently; could stand for up to two hours; and could push or pull for up to two hours in an eight-hour work day. AR 48. Dr. Pollard further noted that Plaintiff would need to take unscheduled breaks to elevate her feet.

Dr. Pollard did not dispute that Plaintiff suffered from kidney disease and fatigue based on the side effects of her medications; however, Dr. Pollard testified that considering all the documented evidence in the record, Plaintiff had very few functional limitations with the exception that she is limited to standing no more than 2 hours in an 8-hour workday. Dr. Pollard's testimony was supported by substantial relevant evidence and was properly afforded substantial weight by the ALJ. Accordingly, the Court will not reverse or remand the ALJ's decision for failure to properly weigh the medical opinion testimony.

**B.     The ALJ's Evaluation of Plaintiff's Testimony**

Plaintiff also contends the ALJ failed to articulate legally sufficient reasons for rejecting her subjective complaints. (Doc. 14 at 13).

A two-step analysis applies at the administrative level when considering a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id.* at 1281. The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D.Cal.2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); SSR 96-7p, 1996 SSR LEXIS 4 (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Social. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning symptoms, other testimony by the claimant that appears less than candid, unexplained or inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment, claimant's daily activities, claimant's work record, or the observations of treating and examining physicians. *Smolen*, 80 F.3d at 1284; *Orn v. Astrue*, 495 F.3d 625, 638 (2007). "An ALJ is not 'required to believe every allegation of disabling pain' or other non-exertional impairment." *Orn*, 495 F.3d at 635 (citation omitted).

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. First, the ALJ noted that treatment notes indicated that Plaintiff's severe impairments are effectively controlled with medication. AR 18, 47. The Court finds that this

constituted a clear and convincing reason not to credit Plaintiff's subjective symptom testimony. *See, e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (evidence that plaintiff's diabetes was controlled by medication undermined plaintiff's claim that diabetes was among his disabling conditions); *Morgan*, 169 F.3d at 599 (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (rejecting disability claim where claimant's pain and symptoms were fairly controlled by medications).

Further, the ALJ noted that while Plaintiff alleges that she suffered from constant leg swelling, dizziness, and fatigue, she seldom reported these symptoms to her physicians. AR 18. Based on Plaintiff's failure to report such debilitating symptoms with any consistency to her physicians, the ALJ found that her allegations were not fully credible. AR 18-19. Medical evidence in the record demonstrates that Plaintiff's progress reports contradicted her allegations. AR 19. For example, Plaintiff has alleged that she had constant leg swelling from her edema. AR 34. However, she did not report this to her treating physicians. Plaintiff reported one episode in March 2009. AR 240, 266. With that exception, her progress reports otherwise affirmatively stated "no edema." AR 236, 238, 325, 332, 338, 347, 391, 396, 399, 419, 431, 433, 436. The ALJ reasonably cited the discrepancy between her allegations and the contemporary progress reports as a significant factor in his credibility determination.

Next, the ALJ observed that the objective medical evidence did not support the degree of disability alleged by Plaintiff. AR 18-19. As the ALJ pointed out, Plaintiff's physical examinations generally revealed no abnormal findings. AR 396, 399, 431, 450. The ALJ noted that while Plaintiff complained of intermittent lightheadedness, headaches, and dizziness, objective diagnostic studies revealed no acute abnormality. AR 18. Likewise, the examining physician noted a normal physical examination. AR 347-348. An ALJ may consider lack of objective evidence supporting the degree of Plaintiff's allegations as a factor in the credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681; *see also Morgan*, 169 F.3d at 599-600 (ALJ properly considered conflict between claimant's subjective complaints and the medical evidence where he found that medical evidence did not support claimant's complaints). Here, the ALJ properly noted the lack of objective medical support for Plaintiff's subjective allegations as one factor among several in his credibility analysis.

Here, the overall record supports the ALJ's finding that Plaintiff's symptoms are not as significant as she has alleged. AR 18-19. While Plaintiff suffers occasional flare ups, her physicians reported that she was doing well, and the objective medical evidence indicated that she was doing well. If the ALJ's credibility finding is supported by substantial evidence in the record, it should be upheld. *See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999). While Plaintiff contends that her symptoms were disabling, the relevant issue is not whether her allegations would have supported a different conclusion, but rather, whether substantial evidence reasonably supported the actual conclusion reached by the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."); *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled").

The ALJ performed a detailed credibility analysis and gave clear and convincing reasons for finding Plaintiff's subjective testimony less than credible. AR 18-19. The ALJ did not err and his decision should be affirmed.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Jessica Stewart.

IT IS SO ORDERED.

Dated: **July 21, 2014**          /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE